# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RYLAND GROUP, INC.,

       Plaintiff,  :  Case No. 1:04-cv-381

                                District Judge Walter Herbert Rice
   -vs-                              Magistrate Judge Michael R. Merz

                              :

PAYNE FIRM, INC, et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Motion of Defendant Harry Thomas, Jr., to Compel (Doc. No. 113). The case has been referred to the undersigned for the sole purpose of deciding this Motion (Doc. No. 118). A motion to compel is a pretrial matter referrable to a magistrate judge for decision, as opposed to report and recommendations. 28 U.S.C. §636(b).

Defendant Thomas seeks to compel its Co-defendant The Payne Firm, Inc., to produce:

    1.    All documents reflecting balance sheets and income statements for Payne during the tiome period of 2000 to the present.

    2.    All documents reflecting the identity of the ownership of Payne during the time period of 2000 to the present.

    3.    All documents reflecting any consideration paid in connection with the acquisition or disposition of any ownership interest in Payne during the time period of 2000 to the present.

    4.    All documents reflecting money of compensation received by Payne for the services it rendered at the site which is the subject of this action.

(Motion to Compel, Doc. No. 113, at 3.)

Thomas' justification for these requests is that they are relevant to its claim for contribution to cleanup costs for the site as among itself, Payne, and Plaintiff, citing 42 U.S.C. § 9613(f)(1), *Franklin County Convention Facilities Auth. v. American Premier Underwriters, Inc.*, 240 F.3d 534, 549 (6th Cir. 2001); and *United States v. Shane*, Case No. 3:89-cv-383 (S.D. Ohio Jan. 27, 1999). The relevant portion of the *Franklin County* decision reads:

> Section 113(f)(1) states that "any person may seek contribution from any other person who is liable or potentially liable under [CERCLA § 107(a)]" for response costs. 42 U.S.C. § 9613(f)(1). In resolving contribution claims, "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." Id. The apportionment of CERCLA liability under § 113(f) among various responsible parties is an equitable undertaking within the broad discretion of the district court. See *United States v. R.W. Meyer, Inc.*, 932 F.2d 568, 573 (6th Cir. 1991) (holding that a court may take into account "more varying circumstances than common law contribution," including the state of mind of the parties, their economic status, any contracts between them bearing on the subject, any traditional equitable defenses, and any other factors deemed appropriate to balance the equities in the totality of the circumstances).

240 F.3d at 549.

In declining to produce the requested documents, Payne noted that the Court, in its order on summary judgment, upheld the $50,000 limit of liability of Payne to Thomas regardless of the theory on which Thomas sought recovery against Payne and therefore argued Payne's ability to pay its share of the cleanup costs was irrelevant. (Lenox letter to Reidy, 11/17/2008, Ex. F to Motion to Compel.) In addition, in opposing the Motion to Compel, Payne notes that it has reached a settlement with Plaintiff under which Plaintiff has agreed to indemnify Payne for any claims against it by Thomas and has further stipulated that it will not raise ability (or inability) of Payne to pay as a defense in this case ((Memorandum in Opposition, Doc. No. 115, at 4.)

As Payne notes, only Ryland has incurred response costs in this case and has settled its contribution claim with Payne. The only remaining issue to be decided by the Court is the amount

Thomas must contribute to the response costs. The Court need not decide that Payne should contribute to Ryland because those two parties have already decided what that contribution should be. Assuming the Court decides Payne should participate in Thomas' share of the response costs, that participation is limited by the Court's decision on summary judgment to $50,000. Payne asserts and Thomas does not deny that Payne is able to pay that amount. Thus the only possible relevance of the sought documents would be to prove that Payne is capable of paying an amount greater than it will ever be called upon to pay in this case.

In the Shane case, the Government had determined that Mr. Shane was unable to pay more than a certain amount of the response costs. Others with a contribution responsibility sought to prove the Government was wrong in its assessment of his inability to pay; it was on that basis that the Court allowed discovery of his confidential business information. While *Franklin County* holds that financial information of the type sought here is hypothetically relevant in a CERCLA case, this Court's decision in *Shane* shows that discoverability must be related to the issues to be tried.

In addition, *Shane* notes that "When deciding whether to provide such a relief to a party, courts apply a balancing test, under which the requesting party's need for the information is balanced against the burden that might result from unlimited disclosure." *Shane* at 9, citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994), and *Brown Bag Software v. Symantec*, 960 F. 2d 1465, 1470 (9th Cir. 1992). Applying that test, the Magistrate Judge concludes the burden on Payne of producing this material far outweighs any use Thomas will have for it.

The Motion to Compel is DENIED.

February 28, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge